IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-198-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DAMIEN MCCULLERS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 22 July 2013, for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Drug Enforcement Administration. Defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 9 July 2013 with possession with the intent to distribute 28 grams or more of cocaine base (*i.e.*, crack) on 12 March 2013 in violation of 21 U.S.C. § 841(a)(1). The evidence presented at the hearing showed that the charges arise from the recovery of 72 grams of crack cocaine from a car in which defendant was travelling on the alleged offense date. At the time, defendant was on supervised release by this

court following an over 8-year prison term for conspiracy to distribute and possession with intent to distribute at least 50 grams of crack cocaine.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the quantity of drugs involved and defendant's commission of the alleged offense while on supervised release; defendant's criminal record, including 8 felony convictions, 21 misdemeanor convictions, and probation revocations in multiple cases; the danger of continued drug-related offense conduct by defendant if released; defendant's cocaine habit; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's lack of truthfulness in her testimony, seeming failure to take seriously the duties of a third-party custodian, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his history of employment, possession of employable skills, and receipt of drug treatment and counseling. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    This, the 23 day of July 2013.

_____
James E. Gates
United States Magistrate Judge