IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-198-BO
No. 5:16-CV-20-BO

| | |
|---|---|
| DAMIEN MCCULLERS, )<br>Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. The motions have been fully briefed and are ripe for adjudication. For the reasons discussed below, the government's motion is granted and petitioner's § 2255 motion is dismissed.

## BACKGROUND

Petitioner was sentenced on April 10, 2014, to a term of 108 months' imprisonment after pleading guilty to one count of possession with intent to distribute twenty-eight grams or more of cocaine base. 21 U.S.C. § 841(a)(1). Petitioner's sentence was ordered to run concurrently with his revocation sentence in case No. 5:02-CR-265-1BO. Petitioner did not notice a direct appeal.

On December 4, 2015, the Court returned to petitioner an unsigned motion pursuant to 28 U.S.C. § 2255. On January 14, 2016, petitioner filed the instant motion to vacate, incorporating by reference the argument presented in his unsigned motion. The government thereafter filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

## DISCUSSION

Petitioner seeks vacatur of his sentence and conviction, relying on the Supreme Court's decision in *Rodriguez v. United States*, 135 S.Ct. 1609 (2015), to argue that during the traffic stop which resulted in his arrest he was excessively delayed in violation of Fourth Amendment. A Rule 12(b)(6) motion tests the legal sufficiency of a pleading and must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The government moves to dismiss petitioner's § 2255 motion as untimely, barred by the waiver in his plea agreement, and procedural defaulted.

28 U.S.C. § 2255(f) provides that a motion to vacate must be filed within one year of, *inter alia*, the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because he did not file a direct appeal, petitioner's conviction became final on the date of entry of his judgment of conviction or, at the latest, when the time for noticing a direct appeal expired fourteen days from the date of entry of judgment. *See United States v. Diallo*, 581 Fed. App'x 226, 227 (4th Cir. 2014)(unpublished) (holding that limitations period begins when the time for filing direct appeal has expired) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)); *but see United States v. Brown*, 596 Fed. App'x 209, 211 (4th Cir. 2015)(unpublished) (applying *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), which held that judgment becomes final on date of entry of judgment when no appeal is noticed); *see also Hannigan v. United States*, 131 F. Supp. 3d 480, 484 (E.D.N.C. 2015) (recognizing that the Fourth Circuit has not overruled *Sanders* and discussing application of *Clay*).

Petitioner's motion was not filed until January 2016, or at the earliest December 2015, which is more than one year after the date his conviction became final under either *Sanders* or *Clay*. Thus, his motion is untimely under § 2255(f)(1). Nor is petitioner's motion timely under

2

§ 2255(f)(3). The case on which petitioner relies, *Rodriguez v. United States*, was decided by the Supreme Court on April 21, 2015. However, petitioner may take advantage of a limitations period beginning on that date only if the decision initially recognizes a right that has been newly recognized by the Supreme Court and been made retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3).

Deciding "whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop," the Supreme Court in *Rodriguez* held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135 S.Ct. at 1612. Supreme Court decisions which result in a new rule apply to criminal cases then pending on direct review but to convictions which are already final "only in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A rule is new "if it breaks new ground, imposes a new obligation on the States or the Federal Government, or was not *dictated* by precedent existing at the time the defendant's conviction became final." *Graham v. Collins*, 506 U.S. 461, 467 (1993) (internal quotations omitted, emphasis in original) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). The Supreme Court in *Rodriguez* did not recognize a new rule, but rather "adhere[d] to the line drawn in" *Illinois v. Caballes*, 543 U.S. 405 (2005). *Rodriguez*, 135 S.Ct. at 1612; *see also Perez v. Dowling*, 634 Fed. App'x 639, 643 (10th Cir. 2015)(unpublished) ("rather than newly recognizing a constitutional right, *Rodriguez* simply applied existing law.").

Moreover, the even if the rule in *Rodriguez* is new, it is a rule of procedure, which are not generally retroactively applicable on collateral review. *Schriro*, 542 U.S. at 352 ("procedural rules do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."). Only a narrow class of watershed procedural rules will be

3

given retroactive effect, *id.*, namely those which "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Graham*, 506 U.S. at 478 (citation omitted). *Rodriguez* did not announce a watershed procedural rule which "alter[s] our understanding of bedrock procedural elements," *Sawyer v. Smith*, 497 U.S. 227, 242 (1990), and is thus not retroactively applicable on collateral review.

Accordingly, petitioner's motion is not timely under § 2255(f)(3), or under any of the remaining provisions of § 2255(f). *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) ("Decisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4).") Further, petitioner has not demonstrated that equitable tolling of the limitations period should apply. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling of limitations period available where petitioner demonstrates he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his petition); *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (equitable tolling of the one-year period of limitations governing § 2255 petitions is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (citation omitted). Therefore, because petitioner did not file his § 2255 motion within the limitations period, it must be dismissed as untimely.

Additionally, the government is correct to contend that petitioner has procedurally defaulted on his claim because he had the opportunity to raise it on direct appeal but failed to do so. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Procedural default may only be excused if a petitioner can show cause and prejudice or that he is actually innocent. *Id.* Petitioner's pleading does not allege facts which would demonstrate either cause and prejudice or actual innocence. Specifically, petitioner has not alleged actual innocence and he cannot demonstrate

4

cause because a claim that the traffic stop violated petitioner's Fourth Amendment rights would not have been novel when petitioner could have filed a direct appeal. *See id.* (cause for procedural fault may exist where claim's legal basis is so novel as to not be reasonably available). Indeed, *Caballes*, which was decided in 2005 and to which the Supreme Court adhered in *Rodriguez*, was plainly available as a basis upon which to challenge petitioner's traffic stop before this Court and on direct appeal. *See also United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008) ("canine sniff is also constitutionally acceptable if performed within 'the time reasonably required' to issue a traffic citation.").

Thus, even if petitioner's motion was timely filed, he cannot overcome procedural default for failing to challenge his search on direct appeal. His § 2255 motion must therefore be dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 47] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence [DE 41] is DISMISSED. A certificate of appealability is DENIED.


SO ORDERED, this **16** day of June, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE